# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID E. TINKHAM, | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-604-TWP-MJD |
| DONALD L. STINE, | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

David Tinkham's request to proceed *in forma pauperis* shows that he has sufficient funds to pay the $5.00 filing fee. He shall have **through June 2, 2011,** in which to do so. His request to proceed *in forma pauperis* (Dkt. No. 2) is **denied**.

For the reasons explained in this Entry, Tinkham's petition for writ of habeas corpus must be **denied** and the action dismissed with prejudice. Tinkham's motion for declaratory judgment (Dkt. No. 4) and motion for injunction (Dkt. No. 5) are also **denied**. In addition, the court finds that a certificate of appealability should not issue.

## I.

## The Petition for Writ of Habeas Corpus

Tinkham seeks habeas corpus relief based on his claim that his sentence has been fully served. As used in this Entry, the terms "habeas petition" and "petition for writ of habeas corpus" refer to and include Tinkham's motion for declaratory judgment and motion for injunction. The action is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 ( 2004)(internal quotations and citations omitted); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues."). It is the petitioner's burden to prove exhaustion. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford,* 339 U.S. 200, 218-19 (1950)).

Tinkham acknowledges that he has not presented his challenge to the Indiana state courts, but asserts that the only time to raise his claim is at the end of his sentence and before release from state custody, and that only this court can provide relief. He is mistaken in this view, however, because under Indiana law a challenge of this nature can be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."). This procedure provides her a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."

*Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Tinkham to continue his challenge in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue. The dismissal of the action shall be without prejudice.

II.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Tinkham has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/12/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

David Tinkham
No. 123870
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362